T.C. Memo. 1996-545

UNITED STATES TAX COURT

CRESTON SWAIM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20684-94.                    Filed December 17, 1996.

Creston Swaim, pro se.

<u>Michael D. Zima</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DEAN, <u>Special Trial Judge</u>:  This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

Respondent determined a deficiency in petitioner's 1992 Federal income tax in the amount of $2,850 and additions to tax

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Dollar amounts are rounded to the nearest dollar.

under section 6651(a) in the amount of $674 and under section 6654(a) in the amount of $91.

The issues for decision are: (1) Whether certain payments received by petitioner during 1992 are includable in his gross income; (2) whether petitioner is liable for additional tax on early retirement distributions under section 72(t); and (3) whether petitioner is liable for additions to tax under sections 6651 and 6654.

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioner resided in Altamonte Springs, Florida, at the time he filed his petition.

                    FINDINGS OF FACT

For the 1990 and 1991 tax years, petitioner filed Forms 1040 which he signed without altering the jurat. For the 1992 tax year, however, petitioner filed a Form 1040NR (U.S. Nonresident Alien Income Tax Return) dated June 15, 1993, which was received by respondent on June 22, 1993. On this return petitioner reported that he was a citizen of the country of "Florida, America". Petitioner claimed "other single nonresident alien" filing status. After reported estimated tax payments, Federal income tax withheld, and excess Social Security tax withheld, petitioner claimed a tax refund of $9,707. The only income petitioner reported was $7,537 of unemployment compensation. Petitioner altered the jurat on the 1040NR form by adding the

phrase "With express reservation of all my rights in law, equity and all natures of law".  Respondent considered this return to be frivolous, and it was not processed.

Respondent issued a notice of deficiency to petitioner based on information returns received from several payors indicating payments to petitioner during 1992 as follows:

| Payor | Type of Payment | Amount |
|---|---|---|
| Office Equipment Exchange | Wages | $1,586 |
| Florida Department of Labor & Employment Security | Unemployment Compensation | 5,962 |
| Nationsbank of Texas | IRA Distribution | 8,408 |
| Kemper Clearing Corp. | IRA Distribution | 1,000 |
| A.G. Edwards & Sons | Dividends | 2 |
| A.G. Edwards & Sons | Stock Sale Proceeds | 1,466 |
| A.G. Edwards & Sons | Stock Sale Proceeds | 198 |
| UCF Federal Credit Union | Interest | 22 |

Respondent determined petitioner's tax under section 1(c) for unmarried individuals.  The deficiency in income tax includes the 10-percent additional tax imposed by section 72(t) on early distributions from qualified retirement plans.  Respondent also determined that petitioner was liable for additions to tax under section 6651(a)(1) for failure to file a timely return and under section 6654(a) for failure to make estimated tax payments.

OPINION

Respondent's determinations are presumed correct, and petitioner bears the burden of proving otherwise.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

1.  Gross Income

Section 61(a) defines gross income as "all income from whatever source derived".  The burden is on petitioner to

demonstrate that the payment in question falls into a specific statutory exclusion.  <u>Commissioner v. Glenshaw Glass Co.</u>, 348 U.S. 426, 429-431 (1955).

Petitioner concedes that he received the payments in question in the amounts determined by respondent.[2]  Petitioner does not contend that any of the payments fall into a specific statutory exclusion.  Consequently, we sustain respondent's determination that the amounts in question are includable in petitioner's gross income.

## 2.  Section 72(t) Additional Tax

Section 72(t)(1) imposes an additional tax equal to 10 percent of the portion of an early distribution from a "qualified retirement plan" that is includable in the taxpayer's gross income.  An individual retirement account (IRA) is included in the definition of a "qualified retirement plan".  Secs. 72(t)(1), 4974(c)(4).

Section 72(t)(2) provides for certain exceptions to the general rule contained in paragraph (1).  One important exception provides that the 10-percent additional tax does not apply if the distribution was made on or after the date that the taxpayer attained age 59 1/2.  Sec. 72(t)(2)(A)(i).

---

[2]In the stipulation of facts, petitioner concedes that he received the payments in question, but some of the amounts stipulated are slightly greater (by less than one dollar) than the amounts determined in the notice of deficiency.  To the extent the amounts in the stipulation of facts exceed the amounts in the notice of deficiency, we deem respondent to have conceded the excess.

There is no dispute that petitioner received IRA distributions in 1992 in the amount of $9,408, or that that amount was includable in petitioner's gross income. Petitioner was born on August 10, 1958, and clearly had not attained the age of 59 1/2 at the time of the distributions. Petitioner does not claim to fall within any of the other statutory exceptions found in section 72(t)(2). Consequently, we hold that petitioner is liable for the 10-percent additional tax pursuant to section 72(t) as determined by respondent.

3. Section 6651(a)(1) Failure To File a Timely Return

Section 6651(a)(1) provides for an addition to tax of 5 percent of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file, not to exceed 25 percent. The addition to tax for failure to file a timely return will be imposed if a return is not timely filed unless the taxpayer shows that the delay was due to reasonable cause and not willful neglect. Sec. 6651(a)(1).

Petitioner's 1992 Federal income tax return was due on April 15, 1993. Sec. 6072(a). Respondent received petitioner's Form 1040NR (which is dated June 15, 1993) on June 22, 1993. However, petitioner introduced no evidence or testimony to establish, contrary to respondent's determination, that such document constitutes a "return" for purposes of section 6651(a)(1). See Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. per curiam 793 F.2d 139 (6th Cir. 1986). For example, there is no evidence here to show that there was "an honest and

reasonable attempt to satisfy the requirements of the tax law". Id. Accordingly, we find that petitioner's purported return does not constitute a return for purposes of section 6651. Petitioner offered no evidence to show that his failure to file a timely return was due to reasonable cause and not willful neglect, and we therefore sustain respondent's imposition of the addition to tax under section 6651(a)(1).

4. Section 6654 Failure To Pay Estimated Tax

Where payments of tax, either through withholding or by making estimated quarterly tax payments during the course of the year, do not equal the amount required under the statute, imposition of the addition to tax under section 6654 is automatic, unless the taxpayer shows that one of the statutory exceptions applies. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioner bears the burden to show qualification for such exception. Habersham-Bey v. Commissioner, 78 T.C. 304, 319-320 (1982). Petitioner has not sustained his burden; therefore, we hold that he is liable for the addition to tax under section 6654 for the 1992 taxable year.

To reflect the foregoing,

Decision will be entered

for respondent.